UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REGINALD JACKSON AND TAKILA GREEN | * | CIVIL ACTION NO. 23-5033 |
| | * | |
| | * | SECTION: "A"(4) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| CHUBB EUROPEAN GROUP SE AND LOANCARE, LLC | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Plaintiffs' Complaint (Rec. Doc. 9)** filed by Defendant, LoanCare, LLC. Plaintiffs Reginald Jackson, Takila Green, and Morris Bart oppose the motion. The motion, submitted for consideration on October 25, 2023, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

**I.      Background**

This suit arises from property damage caused by Hurricane Ida to Takila Green and Reginald Jackson's home in Harvey, Louisiana. (Petition for Damages, ¶ 9). When Ida made landfall, the property was insured by Chubb European Group ("Chubb") under a policy that protected against wind and other hurricane-related damages. (*Id.* ¶ 10). The property is also subject to a mortgage securing a loan provided to the plaintiffs by LoanCare, LLC ("LoanCare"). (*Id.* ¶ 11). Following Ida, Green and Johnson filed insurance claims with Chubb. (*Id.* ¶ 13). Chubb conducted field inspections of the property and provided payment. (*Id.*). Green and Jackson, feeling that Chubb underpaid, retained Morris Bart, LLC ("Bart") to seek damages. (*Id.*).

1

Green and Jackson's lawsuit against Chubb alleges various contractual violations. Alongside these claims, Bart has joined Green and Jackson in a final cause of action, seeking declaratory relief against both Chubb and LoanCare. The plaintiffs claim that LoanCare has refused or will refuse to endorse insurance payments from Chubb, and that it has claimed or will claim to have a superior lien to these insurance proceeds over Bart. (*Id.* ¶¶ 34, 37). To that end, the plaintiffs seek a declaration that (1) Bart's attorney lien is superior to any of LoanCare's rights; (2) Chubb shall issue separate payments to each of the plaintiffs out of any payment for fees and costs without LoanCare named as an additional payee; and (3) Chubb shall issue a separate payment to Jackson and Green without LoanCare named as payee for any amount exceeding that due pursuant to the mortgage note.

In response to the complaint, LoanCare filed the instant motion to dismiss, claiming that there is no justiciable controversy and setting forth various additional arguments that the plaintiffs have failed to state a claim for which relief may be granted.

**II.     Legal Standard**

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."

*Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

**III.    Discussion**

Federal district courts may treat a declaratory judgment action removed from state court as an invocation of the Federal Declaratory Judgment Act. *See Cougle v. Berkshire Life Insurance Co. of America*, 429 F. Supp. 3d 208, 221 (E.D. La. 2019) (Vance, J.); *Hartford Fire Ins. Co. v. Harleysville Mutual Insurance Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013). When a district court faces a declaratory judgment action, it must ensure that the action is justiciable, an inquiry that turns on whether there is an actual controversy. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)). Further, the court shall, within its broad discretion, determine whether to retain the action by weighing a series of factors. *Id.* (citing *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F. 2d 774, 776 (5th Cir. 1993)).

In determining justiciability, the court must examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Fifth Circuit has further developed this inquiry, stating that a controversy "must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character" to be justiciable. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Here, the controversy between the plaintiffs and LoanCare is definite and concrete: it "touch[es] the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). The plaintiffs have attached LoanCare, the mortgagee of the damaged property, seeking a declaratory judgment that LoanCare's lien on potential proceeds is inferior to Bart's. They further seek a ruling that they are entitled to payments without LoanCare listed as an additional payee. The circumstances demonstrate the parties' adverse legal interests. Under its mortgage contract, LoanCare has a right to a lien on a fixed amount of the proceeds paid by the insurance company should the plaintiffs succeed on their claims.[1] However, the plaintiffs have asserted that Bart has priority over LoanCare's lien, and have shown that Bart has a right to a lien on any payouts as a result of this litigation.[2] These are clearly adverse legal positions, and thus there is a definite and concrete controversy.

---

[1] As LoanCare properly notes, this Court may consider documents which are incorporated by reference in the petition for damages. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). LoanCare's mortgage contract provides that the borrower must insure the property and that, in the event of loss by fire, flood, or other hazard, the insurer is to pay LoanCare as the lender. (Rec. Doc. 9-3, at 4). The mortgage contract provides the right for LoanCare to be named as an additional loss payee. (*Id.*).

[2] Bart's fee agreement, entitled the "Contract for Property Damage," executed with each of Reginald Jackson and Takila Green, sets forth Bart's contingency fee in the event of successful litigation. (Rec. Doc. 1-8, at 18-21). The contract makes clear how the fees are computed and Bart's right to the fees through assignment. (*Id.*).

4

Next, the controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation omitted). "[T]hreats of litigation can constitute evidence of a justiciable controversy even if they are 'indirect or implicit or covert.'" *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 295 (5th Cir. 2019) (quoting *Vantage Trailers*, 567 F.3d at 750). Here, the declaratory judgment claim is attached to the related claim for insurance proceeds. Any proceeds secured by Bart's efforts in this suit would be subject to both Bart's and LoanCare's liens. Absent this declaratory judgment, Bart and LoanCare may require further litigation to determine which party has a superior lien. Because the request for declaratory relief is attached to the underlying litigation, the controversy is sufficiently imminent.

Beyond the question of whether there exists an actual and justiciable controversy, district courts have broad discretion to accept or deny a declaratory judgment action. Although this discretion is broad, there remain limitations. "Courts may not dismiss requests 'for declaratory judgment relief on the basis of whim or personal disinclination.'" *Travelers Ins. Co.*, 996 F.2d at 778 (quoting *Griffin*, 876 F.2d at 28-29). To properly exercise its discretion, a court must balance, on the record, the purposes of the Declaratory Judgment Act and the abstention factors. *Id.* These factors include whether there exists a pending state action in which all matters in controversy may be fully litigated, *Griffin*, 876 F.2d at 29; "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant," *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983); whether the action is an attempt at forum shopping, *Wolfe*, 876 F.2d at 29; whether there are any possible inequities in allowing the declaratory plaintiff to gain precedence in time, *id.*; whether the court is a convenient forum, *Mission Ins. Co.*, 706 F.2d at 602; and whether retaining this suit would promote judicial economy, *id.*

Here, application of the factors does not support dismissal. There is no separate state action pending, nor was this suit filed in anticipation of a lawsuit by LoanCare. As described above, the declaratory judgment claim is part of the same litigation as the underlying damages claim. A declaration would clarify payment of the judgment should the plaintiffs succeed against Chubb. Further, there is no attempt to forum shop—it was filed in state court and removed—and there are no special inequities in allowing precedence in time to determining the priorities of the liens of the potential award. Finally, retention of this suit would promote judicial economy, as it would prevent a post hoc filing to determine what could be decided in the instant litigation.

Having determined that this Court has the authority to retain this action, the question remains whether the plaintiffs properly stated a claim in their complaint. LoanCare asserts that the plaintiffs set forth a shotgun pleading that is impermissible under the Federal Rules. In support, LoanCare cites a series of cases from the Eleventh Circuit and other district courts in the Fifth Circuit describing shotgun pleadings as those which incorporate by reference the preceding allegations and only support the causes of action with legal conclusions. *See Copeland v. Axion Mortgage Group LC*, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016). These actions also typically fail to distinguish between each defendant's specific contributions or liabilities in each cause of action. *Id.* In essence, a shotgun pleading asserts a series of thread-bare legal claims in the hope that some ultimately succeed.

The plaintiffs' declaratory judgment claim here is far from a shotgun pleading. The petition for damages states that Bart has a valid and enforceable claim or lien for attorneys' fees and costs. (Petition for Damages, ¶ 33). It alleges that LoanCare has a right to be named as additional loss payee and that, pursuant to that right, it would demand to be listed as payee on any check effecting payment. (*Id.* ¶ 34). The allegations further anticipate that LoanCare will not allow the payments

6

to be released without it being named as a payee. (*Id.* ¶¶ 35-37). These allegations are sufficient to show that the parties have adverse interests. The petition does far more than lay out a thread-bare recital of the legal conclusions necessary to prove an actual and justiciable controversy.

Further, the plaintiffs' request for declaratory judgment sufficiently alleges that attorneys' fees are generally superior to the rights of other privileges and security interests on judgments. La. Stat. Ann. 37:218(A) (2001) ("[An attorney's fee] shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws."). The plaintiffs have sufficiently set forth a factual basis for their pleading that Bart has such a fee arrangement and have shown that LoanCare has a right to a lien on the proceeds that may arise from this litigation. The pleading requirements under Rule 12(b)(6) are met in this instance, and thus LoanCare's argument to the contrary fails.

LoanCare's additional arguments in favor of its motion to dismiss are irrelevant. LoanCare asserts that it owes the plaintiffs a special duty, thus precluding tort liability under a theory of negligence, and that it has not breached its contract with the plaintiffs and therefore cannot be sued for breach of contract. However, as the plaintiffs properly point out, the sole cause of action against LoanCare is for a declaratory judgment, and the requested declaration only relates to the potential proceeds from this litigation. Similarly, LoanCare's claims that it has endorsed all checks received to date does not impact this Court's decision. The requested declaration is prospective, looking to the disposition of this lawsuit. Although past action may indicate LoanCare's willingness to comply and endorse the checks, the plaintiffs still present an actual and justiciable controversy as to the potential future payouts which may result from this litigation.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Plaintiffs' Complaint (Rec. Doc. 9)** filed by Defendant, LoanCare, LLC, is **DENIED** for the reasons described above.

November 7, 2023

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE